UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

WESLEY LEWIS GANSON,

        Plaintiff,                        Civil Action No. 16-13108
                                                        Honorable Sean F. Cox
                                                        Magistrate Judge David R. Grand
v.

DETROIT PUBLIC SCHOOLS,

        Defendant.
_____/

**REPORT AND RECOMMENDATION TO DENY PLAINTIFF'S MOTION FOR SUMMARY JUDGMENT [10];TO GRANT DEFENDANT'S MOTION FOR SUMMARY JUDGMENT [11]; AND TO DISMISS THE COMPLAINT WITH PREJUDICE AS TO ANY PURPORTED ERISA CLAIMS, BUT WITHOUT PREJUDICE AS TO ANY OTHER CLAIMS**

From the outset of this litigation, neither the parties – Plaintiff Wesley Lewis Ganson ("Ganson") and Defendant Detroit Public Schools ("DPS") – nor their respective attorneys, acted with an eye toward "secur[ing] the just, speedy, and inexpensive determination of [this] action." Fed. R. Civ. P. 1. Ganson filed a complaint that (1) misidentified the name of his own retirement plan that is at the heart of this litigation and (2) did not belong in this Court. DPS failed to move to dismiss for lack of subject matter jurisdiction, choosing instead to answer the complaint. Months later, when DPS finally filed a motion for summary judgment on the grounds of subject matter jurisdiction, it vaguely and baldly requested a dismissal of Ganson's "complaint" "with prejudice," even though "[d]ismissal for lack of subject-matter jurisdiction should normally be without prejudice, since by definition the court lacks power to reach the merits of the case." *Revere v. Wilmington Fin.*, 406 F. App'x 936, 937 (6th Cir. 2011) (citing *Ernst v. Rising*, 427 F.3d 351, 366 (6th Cir. 2005)).

Ganson not only failed to oppose DPS' motion, but also failed to respond to the Court's ensuing Order to Show Cause. Instead, after the Order to Show Cause deadline expired, Ganson filed a Motion for Entry of an Order Dismissing the Matter Without Prejudice that (intentional or not) had an air of gamesmanship to it, and that motion was denied. Still, when it later became clear that Ganson was not seeking to game the process, DPS attempted to obtain more relief than it was entitled to, necessitating this Report and Recommendation.[1]

**ANALYSIS**

Ganson alleges that he worked for DPS from 1985 to 2009 and that during his employment, he paid into a retirement plan held with DPS. (Doc. #1 at ¶¶ 8, 9, 12). He now alleges that DPS has breached its fiduciary duty under 29 U.S.C. § 1132(a)(3) by denying him his retirement benefits. (*Id.* at ¶¶ 10, 20, 23, 32).

On August 26, 2016, Ganson filed the instant complaint in this Court under the Employee Retirement Income Security Act of 1974 ("ERISA"), 29 U.S.C. § 1001 *et seq.*, claiming that DPS breached fiduciary duties it owed with respect to Ganson's retirement benefits. There are at least three problems with Ganson's complaint. First, Ganson inconsistently identified the plan in question as the "Detroit Public Schools Retirement Plan," the "Detroit Public Schools Retirement plan," and the "Detroit Public Schools retirement plan." (Doc. #1 at ¶¶ 22, 23, 28, 32, 33).[2] Second, *none* of those names was correct; in DPS' summary judgment motion, it asserts that no plan exists under the name "Detroit Public Schools Retirement" plan, and that instead, Ganson, "as a public employee, was part of the Michigan Public Schools Retirement

---

[1] As discussed below, the parties filed cross-motions for summary judgment which have been referred to the undersigned for a Report and Recommendation pursuant to 28 U.S.C. § 636(b)(1)(B). (Doc. #13).

[2] Elsewhere in the complaint he more generally referred to "a retirement plan held with Detroit Public Schools." (Doc. #1 at ¶ 9).

System (MPSERS)." (Doc. #11 at 8). Ganson does not dispute DPS' contentions. This leads to a third problem with Ganson's ERISA complaint – it does not belong in this Court.

29 U.S.C. § 1003(b)(1) of ERISA provides that it "shall not apply to any employee benefit plan if . . . such a plan is a governmental plan." "The term 'governmental plan' means a plan established or maintained for its employees by the Government of the United States, by the government of any State or political subdivision thereof, or by any agency or instrumentality of any of the foregoing." 29 U.S.C. § 1002(32). The MPSERS is clearly such a "governmental plan" not subject to or governed by ERISA. *See e.g.*, *Kirby v. Fitzgerald Pub. Sch. Dist.*, No. 16-13868, 2017 WL 3616492, at *3 (E.D. Mich. Aug. 23, 2017) ("Kirby alleges that she is a member of the Michigan Public Schools Employee Retirement System, which is maintained by the State of Michigan. As such, it is a governmental plan, and ERISA's provisions do not apply to it."); *Halttunen v. City of Livonia*, No. 2:15-CV-11932, 2015 WL 13050010, at *2 (E.D. Mich. Nov. 12, 2015) ("[C]ourts have found that ERISA does not apply to the Dearborn Employees Retirement System, *In re Dearborn Emps. Retirement Sys.*, 213 Mich. App. 701, 707 (Mich. Ct. App. 1995), and the Genesee County Employees' Retirement System, *Town v. Genesee County*, No. 12-CV-15310, 2014 U.S. Dist. LEXIS 44265 at *26 (E.D. Mich. March 31, 2014). In other cases, parties have stipulated to the fact that ERISA does not govern local or municipal employee retirement systems, as they are governmental plans. *See, e.g.*, *Balowski v. City of Pontiac*, No. 11-cv-15119, 2010 U.S. Dist. LEXIS 131293 at *4-5 (E.D. Mich. Sept. 14, 2012); *Bd. of Trs. of the City of Birmingham Emps.' Retirement Sys. v. Comerica Bank*, 767 F. Supp. 2d 793, 798 (E.D. Mich. 2011)."); *Duncan v. Muzyn*, 833 F.3d 567, 571 (6th Cir. 2016) ("As the system is a governmental pension plan, it is not governed by [ERISA]."). Because ERISA does not apply to MPSERS, this Court lacks subject matter jurisdiction to rule on the merits of Ganson's claim and

dismissal is appropriate. *Kirby*, No. 16-13868, 2017 WL 3616492, at *3 ("[T]he Michigan Public Schools Employee Retirement System [] is maintained by the State of Michigan. As such, it is a governmental plan, and ERISA's provisions do not apply to it. The Court dismisses any ERISA claim."); *Wells v. Aetna Life Ins. Co.*, No. 12-CV-10985, 2013 WL 692749, at *2 (E.D. Mich. Feb. 26, 2013); *Halttunen*, 664 F. App'x at 511-12 (6th Cir. 2016) ("[T]he pension plan at issue established by the City is a governmental plan as defined by ERISA, and because ERISA does not apply to governmental plans, the court lacked jurisdiction to hear the merits of Halttunen's claim."); *see* Fed. R. Civ. P. 12(h)(3).

But DPS also erred from its earliest involvement in this litigation. As Ganson's employer for almost a quarter century, DPS knew (or clearly should have known) that Ganson's complaint had identified a non-existent retirement plan and that he was in fact an employee participant in the MPSERS. Indeed, in its summary judgment motion, DPS wrote, "as a public school employee, [Ganson] was part of the Michigan Public Schools Retirement System (MPSERS) [] [which] was established by the state." (Doc. #11 at 8). DPS should have known that the MPSERS was a "governmental plan" which, as discussed above, is not subject to ERISA. But, after DPS was served with process, it did not file a motion to dismiss based on a lack of subject matter jurisdiction. Instead, it filed an answer, and the litigation moved forward.

Eight months proved to be an insufficient period of time for DPS to file its dispositive motion, so on July 17, 2017, the day dispositive motions were due, it filed a motion asking for more time so that its counsel could perform "additional research that was not originally foreseen." (Doc. #8 at 2). This motion, and a similar one filed by Ganson on the same date (Doc. #9), were granted, and the dispositive motion deadline was extended until August 18, 2017.

On the last day of the extended deadline, DPS filed a motion for summary judgment arguing principally that the Court lacked subject matter jurisdiction because the MPSERS was a governmental plan.[3] (Doc. #11). The entire section of DPS' brief devoted to this issue was a mere seven sentences long.[4] (*Id.* at 7-8). Despite the fact that "[d]ismissal for lack of subject-matter jurisdiction should normally be without prejudice, since by definition the court lacks power to reach the merits of the case," *Revere*, 406 F. App'x at 937, DPS concluded its subject matter jurisdiction argument by vaguely and baldly asserting that Ganson's "***Complaint*** should be dismissed **with prejudice**." (*Id.* at 8) (emphasis added).

Ganson also filed a motion for summary judgment. (Doc. #10). DPS filed a response to Ganson's motion (Doc. #12), but Ganson did not file a response to DPS' motion. An Order of Reference was entered on September 12, 2017, referring the parties' cross-motions for summary judgment to the undersigned pursuant to 28 U.S.C. § 636(b)(1)(B). (Doc. #13). Due to Ganson's failure to timely respond to DPS' motion, the Court issued an Order to Show Cause giving Ganson until October 27, 2017, to file a response to DPS' motion or to explain, in writing, why the Court should not recommend dismissal of his complaint due to his failure to respond. (Doc. #15). The Court explicitly warned Ganson that his "**[f]ailure to timely or adequately respond in writing to this Order to Show Cause, or to timely file a response to [DPS'] motion, will result in a recommendation that [DPS'] motion be granted and/or that Ganson's action be dismissed under Fed. R. Civ. P. 41(b)**." (*Id.* at 1-2) (emphasis in original). Yet Ganson still did not file a response to DPS' motion nor to the Court's Order to Show Cause.

---

[3] Although DPS did not raise subject matter jurisdiction as an affirmative defense when it filed its answer, the law is clear that this Court's subject matter jurisdiction cannot be waived. *Fairlane Car Wash, Inc. v. Knight Enterprises, Inc.*, 396 F. App'x 281, 284 (6th Cir. 2010).

[4] DPS' brief contained an additional three pages of alternative legal arguments.

Instead, on November 15, 2017, Ganson filed a Motion for Entry of Order Dismissing the Matter Without Prejudice, where he coyly indicated that he "no longer wishes to pursue the matter in the Federal District Court"; mentioned the prospect of pursuing the matter in another court; and stated that "it would be mere speculation as to whether or not [DPS'] dispositive motion would be granted." (Doc. #16 at 3). On December 5, 2017, the Honorable Sean F. Cox denied Ganson's request for voluntary dismissal of the case without prejudice, partly because Ganson's motion, which "provides no good reason for his request," "comes over fourteen months after the lawsuit commenced and two months after cross-motions for summary judgment were filed." (Doc. #19 at 2).

On December 7, 2017, the Court held a telephonic conference with counsel to discuss the matter. Ganson's counsel clarified his concurrence that this Court lacks subject matter jurisdiction over Ganson's purported ERISA claims for the reasons stated above. "Purported" is the key word; because ERISA does not apply to "governmental plans" like the MPSERS, Ganson can have no claim against DPS with respect to the MPSERS *under ERISA*. Accordingly, a dismissal *with prejudice* is appropriate with respect to Ganson's claims **that DPS violated ERISA**.[5]

But that does end the Court's task here because DPS seems to be seeking more; DPS' position appears to be that as a result of this Court's conclusion that it lacks subject matter jurisdiction over Ganson's purported ERISA claims, *any* claim Ganson may have against DPS in connection with his interest in the MPSERS should also be dismissed with prejudice as some sort

---

[5] Notwithstanding the general principle articulated in *Revere*, 406 F. App'x at 937, and discussed herein, a dismissal with prejudice of Ganson's ERISA claims is appropriate because Ganson cannot cure those claims so as to vest this Court (or any court) with subject matter jurisdiction over them. Again, ERISA simply does not apply to "governmental plans" like the MPSERS. The Court's ruling in this regard is therefore akin to a decision on the merits.

of sanction.  To the extent this is what DPS is seeking, it is not entitled to such relief.  As the Sixth Circuit has held:

> Dismissal for lack of subject-matter jurisdiction should normally be without prejudice, since by definition the court lacks power to reach the merits of the case.  It is true that, in rare cases where a district court lacks jurisdiction, the court may dismiss a claim with prejudice "as a sanction for misconduct."

*Revere*, 406 F. App'x at 937 (citing *Ernst*, 427 F.3d at 366).  In this case, to dismiss with prejudice any claims other than Ganson's purported ERISA claims as a way of sanctioning Ganson for misconduct is not appropriate.  First, for the reasons stated above, *supra* at 1, 4-5, DPS shares in the blame for this case still being on this Court's docket more than a year after Ganson commenced it.  Second, the fact that this action lingered much longer than necessary did not prejudice DPS in terms of expense; it conducted no meaningful discovery, and the portion of its short summary judgment motion devoted to the Court's lack of subject matter jurisdiction was a mere seven sentences long and cited no case law.  Third, DPS vaguely and baldly requested a dismissal "with prejudice" of Ganson's "Complaint," again citing no case law as to why any dismissal with prejudice ought to go beyond Ganson's specific claims that DPS' alleged conduct violated ERISA.  (Doc. #11 at 8).  Moreover,

> the general rule is that it is improper for a district court to enter a judgment under [Fed. R. Civ. P.] 56 for [the] defendant because of a lack of jurisdiction. . . . If the court has no jurisdiction, it has no power to enter a judgment on the merits and must dismiss the action.  In addition, a dismissal for want of jurisdiction has no preclusive effect and the same action subsequently may be brought in a court of competent jurisdiction.  A summary judgment, on the other hand, is on the merits and purports to have preclusive effect on any later action. . . . Accordingly, the label attached to the motion should not prevent the court from deciding a summary-judgment motion challenging the court's subject-matter jurisdiction as a suggestion that the court dismiss the action on that ground.

Wright, Miller, & Kane, Federal Practice & Procedure § 2713 (4th ed. 2016) at 272-75.  While

7

this principle would not apply to the Court's conclusion that it lacks jurisdiction to consider Ganson's claims that DPS violated ERISA with respect to the MPSERS, *see supra* at 6 n. 5, it would apply to any other claims – the merits of which this Court has not considered – which DPS seeks to sweep into the dismissal of this action.

**CONCLUSION**

For the foregoing reasons, **IT IS RECOMMENDED** that Ganson's Motion for Summary Judgment **(Doc. #10)** be **DENIED**; that DPS' Motion for Summary Judgment **(Doc. #11)** be **GRANTED**; and that the complaint be **DISMISSED WITH PREJUDICE AS TO ANY PURPORTED ERISA CLAIMS,** but **WITHOUT PREJUDICE AS TO ANY OTHER CLAIMS**.

Dated: December 11, 2017            s/David R. Grand
Ann Arbor, Michigan              DAVID R. GRAND
                                               United States Magistrate Judge

**NOTICE TO THE PARTIES REGARDING OBJECTIONS**

Within 14 days after being served with a copy of this Report and Recommendation, any party may serve and file specific written objections to the proposed findings and recommendations and the order set forth above. *See* 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b)(2); E.D. Mich. LR 72.1(d)(1). Failure to timely file objections constitutes a waiver of any further right of appeal. *See Thomas v. Arn*, 474 U.S. 140 (1985); *United States v. Sullivan*, 431 F.3d 976, 984 (6th Cir. 2005). Only specific objections to this Report and Recommendation will be preserved for the Court's appellate review; raising some objections but not others will not preserve all objections a party may have. *See Smith v. Detroit Fed'n of Teachers Local 231*, 829 F.2d 1370, 1373 (6th Cir. 1987); *see also Frontier Ins. Co. v. Blaty*, 454 F.3d 590, 596-97 (6th

Cir. 2006).  Copies of any objections must be served upon the Magistrate Judge.  *See* E.D. Mich. LR 72.1(d)(2).

A party may respond to another party's objections within 14 days after being served with a copy.  *See* Fed. R. Civ. P. 72(b)(2); 28 U.S.C. § 636(b)(1).  Any such response should be concise, and should address specifically, and in the same order raised, each issue presented in the objections.

**CERTIFICATE OF SERVICE**

The undersigned certifies that the foregoing document was served upon counsel of record and any unrepresented parties via the Court's ECF System to their respective email or First Class U.S. mail addresses disclosed on the Notice of Electronic Filing on December 11, 2017.

s/Eddrey O. Butts  
EDDREY O. BUTTS  
Case Manager